```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN JIMENEZ,

                      Plaintiff,

        -against-

MR. LASHLEY (SERGEANT); MR. BOYD
(SERGEANT); MR. MAHONE (CORR.
OFFICER),

                      Defendants.

23-CV-0628 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff, who is currently incarcerated at Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging excessive force and denial of medical care claims. By order dated January 26, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

### A.    Service on Defendants

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Sergeant Lashley, Sergeant Boyd, and C.O. Mahone through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

C. **Referral to the New York Legal Assistance Group**

Plaintiff may consult the legal clinic opened in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Sergeant Lashley, Sergeant Body, and C.O. Mahone, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action.

Plaintiff is referred to the NYLAG Pro Se Clinic. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 1, 2023
           White Plains, New York

                                                  NELSON S. ROMÁN
                                              United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Sergeant Lashley
   Green Haven Correctional Facility
   P.O. Box 4000
   Stormville, New York 12582-4000

2. Sergeant Boyd
   Green Haven Correctional Facility
   P.O. Box 4000
   Stormville, New York 12582-4000

3. C.O. Mahone
   Green Haven Correctional Facility
   P.O. Box 4000
   Stormville, New York 12582-4000